

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AARON WAYNE PAGE                                                        PLAINTIFF

VERSUS                                         CAUSE NO. 1:09cv146LG-RHW

HARRISON COUNTY, MISSISSIPPI,
GEORGE H. PAYNE, JR. individually and in
his official capacity, and JOHN DOES 1-25, in their
official and individual capacity                                        DEFENDANTS

## COMPLAINT

## JURY TRIAL DEMANDED

**COMES NOW,** the Plaintiff, Aaron Wayne Page, by and through his attorneys of record, and files this, his *Complaint* in the above styled case, and against the Defendants herein, and in support thereof would state unto the Court as follows:

1. The Plaintiff is an adult resident citizen of Harrison County, Mississippi.

2. The Defendant, Harrison County, Mississippi is a political subdivision of the State of Mississippi, which may receive lawful service of process by this Honorable Court by serving a copy of the Complaint and Summons upon the President of the Harrison County Board of Supervisors, the Honorable William W. Martin, Harrison County Courthouse, Gulfport, Mississippi.

3. The Defendant, George H. Payne, Jr., is an adult resident citizen of Harrison County, Mississippi, who may receive lawful service of process at his place of residence, 2713 Kelly Avenue, Gulfport, Harrison County, Mississippi 39501.

4. The Defendants, John Does, 1-25 are individuals who come in their individual and official

capacity, are potential Defendants in the present cause of action, but who are unknown at this time. Therefore, the Plaintiff reserves the right to amend his Complaint at such time as these individuals are made known to him.

## COUNT I.

## JURISDICTION

5. The Plaintiff adopts and re-alleges those allegations contained in Paragraphs 1-3 in their entirety as if fully copied herein.

6. The Plaintiff invokes the Federal Question jurisdiction pursuant to *26 U. S. C. §1331* and *1343* to obtain a judgment, plus all costs of court, reasonable attorneys' fees, and damages suffered and sustained by the Plaintiff, Aaron Wayne Page, as a result of the Defendants' violation of the rights, privileges and immunities of the Plaintiff as guaranteed by the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and by the applicable federal statues, more particularly, *42 U.S.C. §§1983, 1985(3), and 1988.*

## COUNT II.

## FACTS

7. The Plaintiff adopts and re-alleges those allegations contained in Paragraphs 1-5 in their entirety as if fully copied herein.

8. On or about August 2, 2007, and at all times material herein, the Plaintiff was a pre-trial inmate in the Harrison County Jail, a division of Harrison County, Mississippi. Between 3:00 a.m. and 5:00 a.m., the Plaintiff was repeatedly raped by fellow inmate, Decarlos Antonio Moore, in the Plaintiff's own jail cell. In this respect, Moore gained access to the Plaintiff's cell

due to the fact that the doors on not only the Plaintiff's cell, but many of the other cell doors in the unit to which the Plaintiff was being held, were rigged not to lock from broken plastic cups having been forced into the locking mechanism. Further, the Plaintiff contends that at all times material herein, the Harrison County Jail guards, supervisors and officials were aware of the defect to the doors not locking, but nevertheless, ignored the situation. Also, at all times material herein, Moore was a post-trial detainee. As a result of the sexual assault committed against the Plaintiff, he required medical treatment. Also, notwithstanding the foregoing, the Plaintiff contends that he was subjected to additional sexual assault in the months following the assault in question.

**9.** The sexual assault described hereinabove, particularly, but not necessarily limited to the assault of August 2, 2007, caused the Plaintiff to sustain personal injuries, including, but not necessarily limited to contusions, severe mental distress and emotional anguish, all of which the Plaintiff is entitled to an award of damages. In this respect, the acts and omissions described herein were malicious, or in the alternative, deliberately indifferent to the safety needs of the Plaintiff.

## COUNT III.

## DEPRIVATION OF CIVIL RIGHTS (42 U.S.C §1983)

**10.** The Plaintiff adopts and re-alleges those allegations contained in Paragraphs 1-8 in their entirety as if fully copied herein.

**11.** At all times material hereto, the Defendants were vested with the state authority and the non-delegable responsibility of adhering to, complying with and enforcing the laws of the United

States of America and the State of Mississippi. Consequently, while acting under color of state law, the Defendants commenced to engage in a course of conduct and to implement a policy, custom, use, plan or practice wherein the rights, privileges or immunities of the Plaintiff were violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of the Plaintiff's right to the equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America., the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, and the right against cruel and unusual punishment as set forth in the Eighth and Fourteenth Amendments to the Constitution of the United States of America. The violations complained of in this Complaint, include but are not limited to, failing to provide a reasonably safe place for the Plaintiff to be housed at the Harrison County Jail, the unnecessary wanton infliction of pain and emotional distress in light of the circumstances confronted by the Defendants resulting in a deprivation that was sufficiently serious wherein the Defendants, acted maliciously, or in the alternative, with deliberate indifference to the immediate safety needs of the Plaintiff.

**12.** At all times material hereto, the Defendants, their agents, their representatives and employees acted pursuant to the policies, practices and customs of Harrison County officials charged with the maintenance and operation of the Harrison County Jail, to represent the official policy to a government policy, usage or practice of the Defendant, Harrison County, Mississippi.

**13.** It is further alleged that Sheriff George H. Payne, Jr., and the Harrison County Jail warden, Don Cabana, were the governmental officials whose edicts or acts may fairly be said to

said to represent official policies, practices and customs of the Defendant, Harrison County, Mississippi, all of which having led to the sexual assault in question.

**14.** As a direct and approximate consequence of the Defendants' acts and omissions the Plaintiff was deprived of certain rights guaranteed by the Constitution of the United States of America, and suffered immediate and irreparable injury to his person resulting in the deprivation of his constitutional rights, privileges, and immunities. Further, as a result thereof, the Plaintiff experienced severe pain, suffering, humiliation, degradation, mental distress and severe emotional anguish.

## COUNT IV.

### ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C §1985)

**15.** The Plaintiff adopts and re-alleges those allegations contained in Paragraphs 1-13 in their entirety as if fully copied herein.

**16.** Prior to the time that the Plaintiff was delivered to the custody of the Harrison County Sheriff's department, it was well known by the Defendants that many of the jail cells located in the Harrison County Jail complex, had been rigged so that the jail cell doors could not be locked.

**17.** Prior to, and at all times material herein, there existed at the Harrison County Jail a custom, policy and practice of allowing inmates to rig the jail cell doors so that the jail cell doors could not be locked, creating an unreasonably dangerous condition for the safety of the inmates, thereby, becoming co-conspirators, aiders and abetters and/or accomplices in the scheme or action to deprive the Plaintiff of his civil, constitutional and human rights as et forth hereinabove.

**18.** In this respect it is clear from the facts set forth hereinabove, that the Defendants willfully

and maliciously agreed and conspired to engage in a course of conduct consistent with the edicts, acts, policies, practices, procedures, official decisions and mandates of the sheriff's department and Harrison County, Mississippi that resulted in the violations of the Plaintiff's constitutional rights through their acts of omission and commission. As a direct and approximate consequence of the Defendants' acts and omissions, the Plaintiff experienced sexual assaults upon his person. Thus, the Defendants are jointly and severally liable to the Plaintiff for injuries, pain, suffering, mental anguish and emotional distress resulting from the sexual assaults committed against him.

## COUNT V.

### FAILURE TO ADEQUATELY TRAIN AND SUPERVISE DEPUTIES

**19.** The Plaintiff adopts and re-alleges those allegations contained in Paragraphs 1-17 in their entirety as if fully copied herein.

**20.** The Defendants, individually and in their official capacities, failed to provide adequate and competent training and/or supervision to the deputies working in and around the jail cells. In this respect, the Defendants are tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, practices, customs and procedures that were to be carried out at the Harrison County jail by the deputies employed there.

**21.** As a direct and proximate consequence of the aforementioned failures on the part of the Defendants to properly develop, implement and otherwise devise a policy of adequate training and/or supervision for overseeing the maintenance of the jail facility, the Plaintiff was deprived of certain constitutional rights, privileges and immunities which a properly trained and supervised, deputy would have known of the illegality of the acts and omissions on the part of the

Defendant which led to the deprivation of his civil rights, privileges, and immunities,

**22.** Failure to provide adequate training and supervision in the maintenance and upkeep of the jail cell doors in question were so grossly negligent that it amounted to a deliberate in difference and disregard for rights, privileges and immunities of the Plaintiff and any other person or persons similarly situated. Thus, because of the failure to act, train and/or supervise by the Defendants, the aforementioned Defendants are liable for the Plaintiff's sexual assaults committed upon him pursuant to *42 U.S.C. §§1983 and 1985.*

## COURT VI.

## ATTORNEY FEES

**23.** The Plaintiff adopts and re-alleges those allegations contained in Paragraphs 1-21, in their entirety as if fully copied herein.

**24.** The Plaintiff contends that he is also entitled to the awarding of reasonable attorney fees as a part of the costs of prosecuting the present cause of action pursuant to the *Civil Rights Attorney's Fees Award Act of 42 U.S.C.* §1988.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays for the following relief:

(a) Enter a monetary judgment in favor of the Plaintiff and against the Defendants, jointly and severally, both in their official and individual capacities, for the actual or compensatory and presumed damages sustained by the Plaintiff pursuant to *42 U.S.C. § 1983 and 1985,* for violations of the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America arising out of the facts and violation of duties, as described hereinabove, for which the Defendants should be held liable and responsible in an amount to be determined by a

jury in excess of the sum of Seventy-five Thousand dollars ($75,000.00);

(b) A judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for punitive and/or exemplary damages, for the outrageous, wilful, wanton and intentional conduct that resulted in the gross or reckless disregard for the welfare, safety, rights, privileges or immunities of the Plaintiff in an amount to be determined by a jury in excess of the sum of Seventy-five Thousand dollars ($75,000.00);

(c) A judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for the Plaintiff's reasonable attorney fees, pursuant to *Civil Attorney's Fees Award Act of 42 U.S.C. §1988*, plus all costs of this action and related litigation expenses and fees as well as all prejudgment and post-judgment interest as allowed by law;

(d) A judgment for such other, general or specific relief, which the Court may deem appropriate and to which the Plaintiff duly prays.

**RESPECTFULLY SUBMITTED**, this the 27th day of January, A.D., 2009.

AARON WAYNE PAGE, Plaintiff

DAVID C. FRAZIER, MSB#5520 d C. David

David C. Frazier, Esquire
**Frazier Law Firm, PLLC**
706 Watts Avenue
Post Office Box 1170
Pascagoula, MS 39568-1170
Telephone: (228) 769-7754
Facsimile: (228) 769-7967
MS Bar No. 5520

*Of Counsel:*
Michael B. Holleman, Esquire
Post Office Box 1598
Gulfport, MS 39502
Telephone: (228) 868-0064
Facsimile: (228) 868-0925