IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AARON WAYNE PAGE                                                          PLAINTIFF

VERSUS                                                   CAUSE NO.  1:09-cv-146LG-RHW

HARRISON COUNTY, MISSISSIPPI,
GEORGE H. PAYNE, JR., individually and in
his official capacity, and JOHN DOES 1-25, in their
official and individual capacity                                        DEFENDANTS


**ANSWER OF HARRISON COUNTY TO COMPLAINT**

COMES NOW Harrison County, Mississippi, through its duly constituted and elected

Board of Supervisors (hereafter "Harrison County") through its attorney of record, and files this

its separate Answer to the Complaint presented against it, and shows the following:

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which this Court can grant relief.

SECOND AFFIRMATIVE DEFENSE

Defendant Harrison County, acting through its Board of Supervisors, is exempt as a

governmental entity and its employees pursuant to Miss. Code Annotated §11-46-9, et. seq.,

specifically sections 1(b), (c), (d), (e), (f), (g), (m), (r), and (v).

THIRD AFFIRMATIVE DEFENSE

Harrison County claims sovereign immunity from for any damages by Plaintiff, as made

and provided in Miss. Code Annotated §11-46-1, et. seq.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to give notice of his claim pursuant to Miss. Code Annotated §11-46-11,

et. seq.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is subject to the exclusive remedy provisions of §11-46-7 of the

1972 Miss. Code Annotated, (Supp. 1996), and Plaintiff is not entitled to a jury trial.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred pursuant to the statute of limitations set forth in §11-46-11

of the 1972 Miss. Code Annotated (Supp. 1996).

SEVENTH AFFIRMATIVE DEFENSE

This Court lacks personal and subject matter jurisdiction.

EIGHTH AFFIRMATIVE DEFENSE

The subject of the Plaintiff's Complaint does not involve any implementation or execution

of any policy, statement, ordinance or regulation or decision officially adopted and/or promulgated

by this Defendant.  The Defendant neither promulgated nor condoned any policy, custom or usage,

or the implementation thereof, which allegedly resulted in any constitutional violations or

deprivations of Plaintiff.

NINTH AFFIRMATIVE DEFENSE

All claims are barred by the applicable state and federal statute of limitations.

TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive or exemplary damages against ths Defendant.

ELEVENTH AFFIRMATIVE DEFENSE

Harrison County would show that any damages of the Plaintiff, the existence thereof of

which are denied, were the result of inactions or actions of persons other than this Defendant,

whose actions Harrison County did not control, or have the right to control, including persons who

may have been employed by the Sheriff of Harrison County, but who were acting outside the course

and scope of their employment during the incident which is the subject of the Complaint.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

Plaintiffs cannot recover punitive damages under 42 USC § 1983, 42 USC § 1985, 42 USC § 1986 AND 42 USC § 1988 against Harrison County.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Defendant raises the defenses of contributory or comparative negligence, lack of privity of contract, or any duty owed to Plaintiff by Harrison County.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff failed to follow the proper administrative procedures at the Harrison County Adult Detention Center (HCADC) prior to filing his lawsuit.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

There can be no liability under 42 U.S.C. § 1983. against Harrison County based on the doctrine of respondeat superior.

Harrison County responds to the Complaint, paragraph by paragraph as follows:

1.   Admitted.

2.  Admitted, except Marlin Ladner is President of the Harrison County Board of Supervisors.

3.   Admitted.

4.   Denied.

## COUNT I.

## JURISDICTION

5.  Denied.

6.  Denied.

## COUNT II.

## FACTS

7.   Denied.

8.  Denied.

9.  Denied.

## COUNT III.

### DEPRIVATION OF CIVIL RIGHTS (42 U.S.C. §1983)

10.  Denied.

11.  Denied.

12.  Harrison County admits that former Sheriff George Payne is charged with the maintenance and operation of the Harrison County Jail.  The remaining allegations of Paragraph 12 are denied.

13.  Denied.

14.  Denied.

## COUNT IV.

### ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

15.  Denied.

16.  Denied.

17.  Denied.

18.  Denied.

## COUNT V.

### FAILURE TO ADEQUATELY TRAIN AND SUPERVISE DEPUTIES

19.  Denied.

20.  Denied.

21.  Denied.

22.  Denied.

## COUNT VI.

### ATTORNEY FEES

23.   Denied.

24.   Denied.

25.   Each and every allegation in the general wherefore premises clause is denied,

including subparagraphs (a), (b), (c), and (d).

WHEREFORE, Defendant Harrison County files its separate Answer to the Complaint

presented against it and upon final hearing moves that same be dismissed along with your

Defendant, with costs and attorney fees being assessed against the Plaintiff.

RESPECTFULLY SUBMITTED, this the 25th day of March, 2009

HARRISON COUNTY, MISSISSIPPI

MEADOWS LAW FIRM

/s/ *Karen J. Young*
KAREN J. YOUNG

Karen J. Young, Esquire
MS BAR NO. 6654
Meadows Law Firm
P. O. Drawer 1076
1902 21st Avenue
Gulfport, MS 39502
(228) 868-7717
(228) 868-7715 (Fax)

CERTIFICATE OF SERVICE

I, Karen J. Young, of Meadows Law Firm, do hereby certify that a true and correct copy

of the above and foregoing was filed with the United States District Court wherein a copy was

forwarded electronically to:

David C. Frazier, Esq.

Frazier Law Firm, PLLC
706 Watts Avenue
P. O. Box 1170
Pascagoula, MS 39568-1170

Michael B. Holleman, Esq.
P. O. Box 1598
Gulfport, MS 39502

THIS the 25th day of March, 2009.

/s/ *Karen J. Young*
KAREN J. YOUNG

Karen J. Young, Esquire
MS BAR NO. 6654
Meadows Law Firm
P. O. Drawer 1076
1902 21st Avenue
Gulfport, MS 39502
(228) 868-7717
(228) 868-7715 (Fax)