IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**AARON WAYNE PAGE**                                                                                    **PLAINTIFF**

v.                                                                              CAUSE NO. 1:09CV146-LG-RHW

**HARRISON COUNTY, MISSISSIPPI,**
**RR BRINK LOCKING SYSTEMS, INC.,**
**and JOHN DOES 1-5**                                                                             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR SUMMARY JUDGMENT
### AND DENYING MOTION FOR DISCOVERY

BEFORE THE COURT is the Motion for Summary Judgment [72] on Statute of Limitations Grounds, filed by Defendant RR Brink Locking Systems, Inc., and the Motion for Discovery [96] under Rule 56(d) filed by Plaintiff Aaron Page.  The issues have been fully briefed by the parties.  After due consideration of the submissions and the relevant law, it is the Court's opinion that the Plaintiff's claims are not time-barred.  The Court has also determined that the additional discovery relating to Plaintiff's mental status conditionally requested by Plaintiff pursuant to Rule 56(d) is not relevant to the issues before the Court.  Accordingly, both Motions will be denied.

FACTS AND PROCEDURAL HISTORY

The Plaintiff, presently twenty-three years old, alleges he was raped while detained at the Harrison County Adult Detention Center in August 2007, when he was nineteen.  In this lawsuit, filed against Harrison County in February 2009, he alleges that another inmate was able to enter his holding cell because many of the locks to cell doors had been tampered with.  According to Plaintiff, pieces of plastic

cups had been forced into the locking mechanism. As a result, those doors would not lock. Page contended that Harrison County officials were aware of this "defect," but ignored it. (Compl. 3 (¶ 8), ECF No. 1). He brought claims for deprivation of civil rights under 42 U.S.C. § 1983, conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985, and failure to adequately train and supervise. (*Id.* at 3-7). The case proceeded normally for two years, when Page moved to amend his complaint to add Brink, the manufacturer of the locks, as a defendant. The motion was granted, and in February 2011, Page filed an amended complaint adding claims of negligence, strict liability, and breach of implied warranty against Brink. (1st Am. Compl., ECF No. 64).

Brink requests summary judgment as to all of Page's claims against it on statute of limitations grounds. Page's injury occurred in 2007, but his claims against Brink were filed in 2011, which is well beyond the three-year statute of limitations period applicable to personal injury and products liability causes of action in Mississippi.

Brink argues that Page was an emancipated minor, and therefore the statute of limitations began to run immediately. Brink argues in the alternative that if Page was not an emancipated minor, he was legally incapable of filing this lawsuit in his own name and it must be dismissed for that reason. Further, Brink contends that Page should be judicially estopped from claiming he was a minor at the time of his initial complaint, because he alleged therein that he was an adult. Page responds that he was a minor at the time of the sexual assault, and therefore the

statute was tolled until he reached the age of twenty-one. After he had reached the age of majority, he filed an amended complaint, which ratified his action taken as a minor.

## DISCUSSION

*Page's Minority Status at the Time of Filing*:

In Mississippi, an "infant" is a person under the age of twenty-one years. MISS. CODE ANN. § 1-3-21. When a person is "under the disability of infancy," certain statutes of limitation otherwise applicable are tolled and begin to run only "after his disability shall be removed as provided by law." MISS. CODE ANN. § 15-1-59.

Page was indisputably an infant when he first filed this lawsuit. He reached the age of twenty-one on March 23, 2009, less than two months after filing. However, filing suit while under the disability of infancy "merely affects the regularity of the proceeding and the defect is amendable and the judgment or decree taken therein is not void." *Ruiz v. Ruiz*, 101 So. 2d 533, 534 (Miss. 1958).

> There is no rule of law or pleading that requires a complainant to allege that he or she is an adult. If the defense of infancy at the time of the bringing of the suit is raised by the defendant, then the complaint should be amended so as to show that the complainant is suing by a guardian ad litem or next friend, where the defense of infancy is well taken.

*Id.* *See also* FED. R. CIV. P. 17(c). In this case, some time after reaching the age of majority Page filed an amended complaint naming Brink. He was no longer required to sue by a guardian ad litem or next friend. The defect complained of by

Brink has therefore been corrected by amendment.  The fact that Page was a minor at the time he initially filed the lawsuit does not affect its validity now that he has ratified it.[1]  Furthermore, Brink has not provided a basis for the application of judicial estoppel it requests.  Page should not be estopped from asserting his then-minor status simply because he made an allegation in the original complaint that he was an adult.  Dismissal on this ground is inappropriate.

*The Timeliness of Page's Claims Against Brink*:

  a.  Relation Back to Original Complaint

Brink initially argued that Page had filed his claims against it beyond the three year statute of limitations in MISS. CODE ANN. § 15-1-49.  The sexual assault took place in 2007, and the claims against Brink were filed in 2011.  Brink argued that the cause of action accrued immediately.  Although Page filed suit against Harrison County within three years, Brink argued the claims brought against it later did not relate back to the original complaint.  Page did not respond to this argument.  The Court agrees with Brink's analysis.  Page essentially claimed the County defendants failed to protect him from other inmates.  These claims are distinct from the product liability claims he has made against Brink, and Brink

---

[1] Fed. R. Civ. P. 17(a)(3) provides that the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

would have had no reason to know it would also be implicated in Page's injury. *See Jacobsen v. Osborne*, 133 F.3d 315, 319-20 (5th Cir. 1998). Accordingly, the claims against Brink must be examined for timeliness standing on their own.

      b. Page's Minority or Infant Status

In his Response, Page agreed that the three year statute of limitations applied, but argued that he was under the disability of minority at the time of the injury, with the result that the statute of limitations was tolled by Mississippi's savings statute until he reached the age of majority on March 23, 2009. If the statute was tolled as Page argues, his claims against Brink were timely.

The savings statute provides:

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

MISS. CODE ANN. § 15-1-59. This provision applies only to actions mentioned in Chapter 1, Title 15 of the Mississippi Code. *Pollard v. Sherwin-Williams Co.*, 955 So. 2d 764, 770 n.6 (Miss. 2007). Page's products liability and personal injury claims are within the reach of the savings statute, as they are governed by the three-year statute of limitations in § 15-1-49. *Lincoln Elec. Co. v. McLemore*, 54 So.3d 833 (Miss. 2010). Page was an infant at the time of his injury for purposes of the savings statute. By application of the savings statute, the three-year statute of limitations was tolled until he reached the age of majority on March 23, 2009.

Brink argues however, that the savings statute has no application because Page was emancipated by operation of law prior to his injury. Specifically, Page was arrested and charged as an adult more than sixteen times by the time he was twenty-one years old, and had served several years of incarceration at the Harrison County Adult Detention Center beginning in 2002. Brink argues that a minor is emancipated as a matter of law by these events pursuant to MISS. CODE ANN.§ 93-11-65(8)(a). That provision states:

> The duty of support of a child terminates upon the emancipation of the child. Unless otherwise provided for in the underlying child[-]support judgment, emancipation shall occur when the child:
>
> (I) Attains the age of twenty-one (21) years, or
> (ii) Marries, or
> (iii) Joins the military and serves on a full-time basis, or
> (iv) Is convicted of a felony and is sentenced to incarceration of two (2) or more years for committing such felony[.]

In support, Brink cites the case of *Shelnut v. Department of Human Services*, 9 So. 3d 359 (Miss. 2009), in which the court stated:

> This Court recognized that child support is a legal duty owed to the child. Even though the action must be brought by a guardian who is not under the disability, the statute of limitations is tolled until the disability of infancy is removed upon emancipation.

*Id*. at 366. Brink argues that this language indicates that a minor may be relieved from the disability of infancy if he is emancipated. However, "emancipation" in *Shelnut* simply meant that the minor reached the age of majority. *Id*. ("The three-year statute of limitations applicable to Shelnut under Mississippi law was tolled while Margaret-Anne remained a minor.").

Generally, "emancipation" is defined as "the freeing of a child for all the period of its minority from the care, custody, control, and service of its parents; the relinquishment of parental control, conferring on the child the right to its own earnings and terminating the parent's legal obligation to support it." *Edmonds v. Edmonds*, 935 So. 2d 980, 983 n.2 (Miss. 2006). In the opinion of the Court, this concept is separate and distinct from the function of the savings statute, which speaks of the legal disability of infancy rather than emancipation. The disability of infancy may be removed by court decree, as provided in MISS. CODE ANN. § 93-19-1, *et seq.*, but the decree must "distinctly specify to what extent the disability of the minor is removed, and what character of acts he is empowered to perform notwithstanding his minority." MISS. CODE ANN. § 93-19-9. There are exceptions. A married minor is not under a disability of infancy for the purpose of bringing or defending an action involving marital rights. MISS. CODE ANN. § 93-19-11. Thus, "a married minor may file or defend such a suit in his own name." *Id*. Also, most minors aged eighteen and above have the capacity to enter into binding contractual relationships affecting personal property. MISS. CODE ANN. § 93-19-13. These minors may sue and be sued in their own name as an adult. *Id*.

Other jurisdictions have described the fundamental differences between attaining the age of majority and becoming emancipated. One such case is *Risser v. Risser*, 878 N.E. 2d 1073 (Ohio Ct. App. 2007), in which the court stated:

> The terms "emancipation" and "majority" are not synonymous. . . . Emancipation generally discharges a parent's duty to pay child

> support. . . . The term "majority" is synonymous with the phrase "age
> of majority," which is defined [in Ohio] as 18 years or older. . . .
> Consequently, a child may reach majority but not yet be emancipated
> or be emancipated but not yet at the age of majority.  In other words,
> the terms emancipated and majority, although correlated, are legally
> distinct terms.

*Risser*, 878 N.E. 2d at 1076 (internal citations omitted).

Similarly, in *Kowalski v. Liska*, 397 N.E. 2d 39 (Ill. Ct. App. 1979), the court discussed a statute similar to Mississippi's savings statute.  The defendants in *Liska* argued the exception for minors contained in the two-year statute of limitations was not applicable to the plaintiff since she was married.  The court held that the marriage of a person under the age of majority did not remove or cure the minor's disability.  *Kowalski*, 397 N.E. 2d at 66.  The Illinois savings statute therefore tolled the statute of limitations during the plaintiff's minority.  The court explained:

> Marriage emancipates a minor.  Emancipation, however, refers to the
> freeing of the minor from parental control and it merely eliminates the
> usual parental duty of support.  We perceive no sound reason why a
> minor's emancipation from parental control by virtue of marriage
> should in any way remove the protection afforded to minors by the
> exception provided in the statute of limitations.

*Id*. at 65-66.

Brink has not pointed the Court to any Mississippi statute or case which supports the proposition that "emancipation" of a person under the age of twenty-one cancels out the savings provision of MISS. CODE ANN. § 15-1-59.  Moreover, it is not clear that Mississippi law supports a finding of emancipation based on even a

lengthy incarceration. *See Edmonds v. Edmonds*, 935 So. 2d 980, 985 (Miss. 2006) (declining to find emancipation based on child's incarceration, citing lack of precedent). *See also Edwards v. Jasper Cnty. Youth Court*, 94 F. App'x 224, 224-25 (5th Cir. 2004)(applying Mississippi's savings statute to claims accruing to a minor while he was incarcerated).

In the absence of Mississippi precedent to the contrary, the Court is persuaded that MISS. CODE ANN. § 15-1-59 tolled Page's claims against Brink. Page may well have been legally emancipated from his parents prior to the 2007 sexual assault. However, even an emancipated minor is entitled to the protection of the tolling statute as provided by MISS. CODE ANN. § 15-1-59. Accordingly, the claims against Brink were filed timely, and Brink's summary judgment motion must be denied.

### *Page's Request for Additional Discovery*:

Page requested additional time for discovery and to supplement the record in the event that the Court found it necessary to delve into the issue of whether Page was of sound mind as contemplated by MISS. CODE ANN. § 15-1-59. Page requested additional discovery to present this new issue only if the minority issue did not resolve the summary judgment motion. However, the Court found that the statute of limitations question could be decided on the basis of Page's minority. Accordingly, the Rule 56(d) motion is now moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [72] on Statute of Limitations Grounds filed by Defendant RR

Brink Locking Systems, Inc. is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion for Discovery [96] filed by Plaintiff Aaron Wayne Page is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 14th day of December, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE