IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AARON WAYNE PAGE                                                           PLAINTIFF

v.                                                         CAUSE NO. 1:09CV146-LG-RHW

HARRISON COUNTY, MISSISSIPPI,
RR BRINK LOCKING SYSTEMS, INC.,
and JOHN DOES 1-5                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RECONSIDERATION

BEFORE THE COURT is the Motion [119] of Defendant RR Brink Locking Systems, Inc., for reconsideration of the Court's Order [117] denying summary judgment on statute of limitations grounds. The Court determined that under Mississippi law the Plaintiff's claims are not time-barred because at the time of his injury, his disability of infancy had not been removed, even though he had been "emancipated" from his parents by marriage. (Mem. Op. & Order, Dec. 14, 2011, ECF No. 117). The Plaintiff has responded in opposition, and Brink has replied. After due consideration of the matter, it is the Court's opinion that the Motion for Reconsideration should be denied.

### DISCUSSION

In Mississippi, an "infant" is a person under the age of twenty-one years. MISS. CODE ANN. § 1-3-21. When a person is "under the disability of infancy," certain statutes of limitation otherwise applicable are tolled, beginning to run only "after his disability shall be removed as provided by law." MISS. CODE ANN. § 15-1-59. "The disability of infancy is removed when a person attains the age of twenty-one years."

*Anderson v. R&D Foods, Inc.*, 913 So. 2d 394, 397 (Miss. Ct. App. 2005) (citing *Lawler v. Gov't Emps. Ins. Co.*, 569 So. 2d 1151, 1153 (Miss. 1990)).

Emancipation is the "freeing of a child for all the period of its minority from the care, custody, control, and service of its parents; the relinquishment of parental control, conferring on the child the right to its own earnings and terminating the parent's legal obligation to support it." *Burt v. Burt*, 841 So. 2d 108, 111 (¶9) (Miss. 2001) (citations omitted). Under Mississippi law, a child is automatically deemed emancipated from his parents when he reaches the age of twenty-one, marries, joins and serves in the military, or is convicted of a felony and sentenced to two or more years of incarceration. MISS. CODE ANN. § 93-11-65(8)(a). There are additional limited statutory circumstances under which a court may make a finding that a minor is emancipated. MISS. CODE ANN. § 93-11-65(8)(b). In the Memorandum Opinion the Court has cited circumstances where emancipation of a minor through marriage would not entitle that minor to treatment as an adult. For example, a person under twenty-one years of age may not possess or purchase alcoholic beverages. MISS. CODE ANN. § 67-1-81. The statute makes no exception for married minors. Likewise, a person under twenty-one year of age may not play or be allowed to place wagers in a casino. MISS. CODE ANN. § 75-76-155. No exception is made for married minors.[1]

---

[1] *See also,* Op.Atty.Gen. No. 98-0302, Harvey, June 19, 1998.
Activities such as gambling and consuming alcoholic beverages can not be included in the term "profession or avocation" which a general removal of disability of minority would allow the minor to practice; a general removal of disability would not allow minors to practice such activities, absent a clear

Brink argues that the Court erred in holding that emancipation from one's parents is irrelevant to application of the minor's savings statute in this case. Brink contends that when the totality of a minor's circumstances transform the minor into an emancipated minor by operation of law, any and all disability of infancy faced by the minor is removed and the minor is deemed to take on all of the rights and responsibilities of an adult, including the running of any statute of limitations on accrued causes of action. Brink cites *White v. Abel*, 802 So. 2d 98 (Miss. Ct. App. 2001) in support.

The *White* case concerned unpaid child support payments. The court found that the minor's mother had let the statute of limitations expire on her claim for back child support, because the minor had been emancipated more than seven years prior to the filing of the suit. *Id*. at 102; MISS. CODE ANN. § 15-1-43. Because of the minor's emancipation, there were no child support payments due within the seven year limitations period. The minor did not join her mother in the lawsuit, but the court noted that if she had, she could not have brought a successful claim for the unpaid child support because "her time has run under [the minor's savings statute]." *White*, 802 So. 2d at 102.

By this statement, the court appears to have equated emancipation for purposes of child support with the removal of the disability of infancy under the

---

expression of legislative intent that such is the case, and a general removal of disability of minority does not authorize minors to engage in gambling activities as prohibited by Section 75-76-155.

savings statute. With all due deference, the court appears to blur the legal distinction between emancipation on the one hand, and removal of disability of infancy on the other. Moreover, the court's statement is tantamount to non-binding dictum. It concerns a hypothetical factual situation, and the statement is unnecessary to the result of the case. *See Int'l Truck & Engine Corp. v. Bray*, 372 F.3d 717, 721 (5th Cir. 2004).

Brink also cites as authority Justice McRae's concurring and dissenting opinion in another child support case. Justice McRae stated:

> Miss. Code Ann. § 15-1-59 (2000) specifically states that when "any person entitled to bring any of the personal actions mentioned" is a minor at the time that the cause of action accrues, the statute of limitations will not begin to run until that person either reaches the age of twenty-one, or is emancipated.

*Burt*, 841 So. 2d at 114 (¶22). However, once again with deference to Justice McRae, the statute does not use the term "emancipated." Instead, it provides that a person may bring an action "after his disability shall be removed as provided by law." MISS. CODE ANN. § 15-1-59. As the Court discussed in its Memorandum Opinion and Order, Mississippi statutes allow for the removal of the disability of infancy in certain circumstances before a minor reaches the age of twenty-one. Mississippi has defined emancipation as something that either occurs despite infancy, or when infancy ends. The Court therefore cannot rely on Justice McRae's misstatement to conclude that under Mississippi law emancipation equals removal of the disability of infancy.

To be sure, Mississippi case law is less than clear on this point due to the

confluence of concepts of emancipation and the removal of the disability of infancy at twenty-one years of age. Because these events occur simultaneously, the Mississippi Supreme Court has used the term "emancipation" to mean reaching the age of twenty-one. *See, e.g.*, *Shelnut v. Dept. of Human Servs.*, 9 So. 3d 359, 366 (Miss. 2009) ("the statute of limitations is tolled until the disability of infancy is removed upon emancipation."); *Ladner v. Logan*, 857 So. 2d 764 (Miss. 2003). Nevertheless, the Mississippi Supreme court has also made it clear that a minor's qualifying claim is tolled while he is a minor. *Pollard v. Sherwin-Williams Co.*, 955 So. 2d 764, 770 (Miss. 2007).

Absent statutory authority or a clear pronouncement from the Mississippi Supreme Court, this Court's remains persuaded that its original ruling is correct. Moreover, if squarely presented with this issue, this Court is also convinced that the Mississippi courts would hold that it is Plaintiff's infancy that governs whether the statute of limitations has run in this case, not his emancipation. The factual findings requested by Brink regarding Page's emancipation are therefore irrelevant.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [119] of Defendant RR Brink Locking Systems, Inc., for reconsideration of the Court's Order denying summary judgment on statute of limitations grounds is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 2nd day of May, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE