IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**AARON WAYNE PAGE**                                                                  **PLAINTIFF**

**v.**                                                            **CAUSE NO. 1:09CV146-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI,
RR BRINK LOCKING SYSTEMS, INC.,
and JOHN DOES 1-5**                                        **DEFENDANTS**

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

BEFORE THE COURT is the Motion [127] of Defendant RR Brink Locking Systems, Inc., For Certification Of An Interlocutory Appeal Of The Court's Order Denying Motion For Reconsideration [Doc. 125] And Stay Of All Proceedings. In the order that is the subject of this Motion, the Court reaffirmed its decision that the Plaintiff's claims against Brink are not time-barred because at the time of his injury, his disability of infancy had not been removed, even if he had been emancipated from his parents. The Plaintiff opposes Brink's Motion. The Court finds that the statutory prerequisites for certification of an interlocutory appeal have been met, and therefore grants the Motion.

### DISCUSSION

RR Brink moves for certification of an interlocutory appeal of the Court's order denying Brink's motion for reconsideration and ultimately, certification of the issue to the Mississippi Supreme Court. The Plaintiff argues that the Court's conclusion was correct, and there is no substantial ground for difference of opinion, making certification inappropriate.

The statute governing certification of an interlocutory appeal is 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, [t]hat application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original).

The Court's order denying reconsideration laid out the uncertainty in Mississippi law surrounding the question of infancy vs. emancipation, eventually concluding that, if squarely presented with this issue, Mississippi courts would hold that Plaintiff's infancy governs whether the statute of limitations has run in this case, not his emancipation. The Court finds the order involves a controlling question of state law in that it determines whether Plaintiff's claim against Brink is time-barred. Further, there is substantial ground for difference of opinion; the Court acknowledged the difficulty of resolving the question given the unclear posture of Mississippi precedent. An immediate appeal might materially advance the ultimate termination of the litigation if it is determined that Plaintiff's claim against Brink is time-barred under Mississippi law. For these reasons, the Court will certify the order for interlocutory appeal to the Fifth Circuit Court of Appeals.

Brink also requests a stay while the appeal is pending. The discovery deadline in this case is February 15, 2013, and a jury trial is scheduled for July 2013. The Court does not anticipate that an interlocutory appeal will impact these deadlines and therefore declines to impose a stay at this time.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [127] of Defendant RR Brink Locking Systems, Inc. for Certification of an Interlocutory Appeal of the Court's Order Denying Motion for Reconsideration and Stay of All Proceedings is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court's Order of May 2, 2012 [125] is immediately appealable pursuant to 28 U.S.C. § 1292(b).

**IT IS FURTHER ORDERED AND ADJUDGED** that the request for a stay is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 14th day of June, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE